## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

NORMAN KNOCHE, individually and on behalf of all others similarly situated,

**CLASS ACTION**

*Plaintiff,*

**Case No.**

**JURY TRIAL DEMANDED**

vs.

CONCIERGE AUCTIONS, LLC.,

*Defendant.*

_____/

## CLASS ACTION COMPLAINT

1.     Plaintiff, Norman Knoche ("Plaintiff"), brings this action against Defendant, Concierge Auctions, LLC. ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

2.     This is a class action under the 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA").

3.     Defendant is a luxury real estate auction company that provides auction services and real estate marketing services to consumers, based out of New York.

4.     To promote its goods and services, Defendant engages in aggressive prerecorded voicemail and text message solicitation campaigns to

consumers with no regards for consumers' rights under the TCPA, even after customers opt out from Defendant's messages.

5.     Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals.  Plaintiff also seeks statutory damages on behalf of himself and members of the classes, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

6.     Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332 as the amount in controversy exceeds the sum of $75,000. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

7.     Venue is proper in the United States District Court for the Middle District Of Florida pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff resides

in this District, Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the Middle District Of Florida and, on information and belief, Defendant has sent the same prerecorded voicemail and text message solicitations complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the Middle District Of Florida.

## **PARTIES**

8.    Plaintiff is a natural person who, at all times relevant to this action, was a resident of Lee County, Florida.

9.    Plaintiff is, and at all times relevant hereto was, an individual and the sole subscriber of the residential telephone number ending in 1589 (the "1589 Number") that received Defendant's prerecorded voicemail and text message solicitations.

10.    Defendant is a New York limited liability company whose principal place of business is at 228 Park Avenue S, Suite 70835, New York, NY 10003.

11.    Defendant directs, markets, and provides its business activities throughout United States and the State of Florida.

3

12.    Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

### FACTS

13.    Beginning at least in June 2019, Defendant sent or caused to be sent multiple prerecorded voicemail solicitations to Plaintiff's cellular telephone number ending in 1589, from Defendant's telephone number (424) 449-2688.

14.    Defendant deliberately continued to bombard Plaintiff's 1589 Number with prerecorded voicemail solicitations over an extended period of more than five years, including but not limited to those sent on June 28, 2019, September 12, 2019, April 17, 2020, April 21, 2020, July 3, 2020, September 11, 2020, and May 30, 2024. The following are transcripts of the prerecorded voicemail solicitations Defendant sent to Plaintiff's cellular telephone:

**June 28, 2019**:
"Hi, this is Maggie Munoz with Concierge Auctions. I am calling about 4727 Villamare Lane. This amazing house is going to be auctioned on July 19th. Give me a call when you get a chance. Thanks."

**September 12, 2019**:
"Hi there. This is John Erlinger with Concierge Auctions. I hope you're doing well. I was just calling today to let you know about a property that's going to auction in the area. The address is 337 McLean's Boulevard, Banner Elk, North Carolina. It's originally listed at $1.85 million, but it's going to be going to auction. So, you know, it's a great opportunity

for your agent, or your, I'm sorry, your client to name their price, and there is a 3% commission involved as well. So, just wanted to reach out and let you know about the opportunity, and in addition to that, invite you out to an event that we're having at the property next Tuesday, the 17th from 4 to 7. We'll have some hors d'oeuvres and, you know, wine and beer and that sort of thing. So, it should be fun nonetheless, and, you know, I'd love to have you out and see what you think about the property. Anyways, again, my name is John Erlinger, and my number is 512-653-1523. Thank you, and I look forward to hearing from you. Bye-bye."

**April 17, 2020**:
"Hi there, this is Nkosi with Concierge Auctions. I just wanted to give you a call and let you know we're actually back in town here in Wellington, Florida, taking a beautiful property to auction at the middle of next month, 3905 Jim Twist Court, a beautiful equestrian property going to auction. If there's any questions whatsoever, please do not hesitate to give me a call or text at this number, 510-610-0529. Look forward to having a premium."

**April 21, 2020**:
"Hi there. This is Nkosi with Concierge Auctions. I just wanted to give you a call and let you know we were actually back in town here in Wellington, Florida, taking a beautiful property to auction at the middle of next month, 3905 Jim Twist Court, a beautiful equestrian property going to auction. If there's any questions whatsoever, please do not hesitate to give me a call or text at this number, 510-610-0529. Look forward to hearing from you."

**July 3, 2020**:
"Hi, my name is Maggie Munoz with Concierge Auctions. We will be selling this amazing new construction mansion on a private canal being sold on July 31st. Located at 8335 Kelso Drive, Palm Beach Gardens, Florida. Previously listed at $3,995,000. It's on a two-acre lot with 10 bedrooms and 11 ½ baths between the main house and the guest house. For a total of 10,000 square feet. It also has two pools on a gated community. Please call me at 305-582-0500 to get more

information and make an appointment to preview it. Thank you very much."

**September 11, 2020**: "Hi, this is Mario with Concierge Auctions. Just wanted to make sure that you are aware that there is still time to get your clients registered, for our Victoria Park property near Las Olas in Fort Lauderdale. It's a 2.5% co-broke commission. You still got time to get your clients registered. It's going to be a great purchase opportunity, so I don't want you to miss out or your clients to miss out. The bidding will open on the 15th and end on the 17th, so feel free to give me a call and ask any questions that you have. We also will have the property open this weekend, or we can schedule a private showing. 813-714-0542. That's 813-714-0542. Talk to you soon."

**May 30, 2024**:
"Hi, this is Kate with Concierge Auctions. I am calling to invite you to the Champagne Preview that will be hosted today, June 30th, from 3 to 7 p.m. at both 507 Casey Key Road and 4019 Casey Key Road in Nokomis, Florida. This event will be featuring two luxury properties that are going to be selling at auction to the highest bidder in June. We would love to see you there. If you'd like to stop by, have a glass of wine, and tour the property. If you think you can make it, please do give me a call or send me a text at 425-248-0017. And again, that's today, Thursday, from 3 to 7 p.m. Thanks so much."

15.    In June 2024, Defendant also began sending text message solicitations to Plaintiff's 1589 Number, including but not limiting to a message on June 12, 2024 (as shown below):



16.    Immediately after receiving Defendant's text message solicitation on June 12, 2024, Plaintiff responded with the messages "STOP" and "REPORT" to Defendant's (424) 449-2688 telephone number, using clear and unambiguous opt-out language in an attempt to finally stop the harassment and bombardment of unwanted solicitations he had endured for more than five years.

17.    Defendant, sent Plaintiff a written confirmation acknowledging the opt-out request, which stated: "You have opted out of this program & will no longer receive any messages. Reply REPORT to report unwanted messaging. Text START to opt back in." (as shown above).

18.    Despite this written confirmation acknowledging Plaintiff's opt-out, Defendant engaged in an aggressive, persistent pattern of willful and knowing disregard for Plaintiff's clearly expressed wishes by continuing to send prerecorded voicemail solicitations.

19.    Specifically, on July 1, 2024, Defendant sent an additional prerecorded voicemail solicitation to Plaintiff's 1589 Number. The following is the transcription of the prerecorded voicemail solicitation Defendant sent to Plaintiff's cellular telephone:

> **July 1, 2024**:
> "Hi there. Sorry I missed you. This is Elena Foster with Concierge Auctions. I wanted to give you a quick message regarding our auction at 992 Royal Marco Way on Marco Island. This is the last beachfront lot currently listed at $11.9 million, and we're expecting starting bids up to $4 million at the auction. Please call me if you've got any questions about the auction process or if you'd like to register a client. Agent commissions are protected. You can reach me at 760-419-2508. Thanks so much."

20.    This prolonged pattern of violations demonstrates Defendant´s complete failure to maintain any functional internal do-not-call procedures and

its deliberate choice to ignore consumer opt-out requests over an extended period of more than five years.

21.    Defendant has the capability of immediately complying with Plaintiff's opt-out requests.

22.    As demonstrated by the above screenshots, Defendant does not honor reasonable consumer requests to opt-out of text message solicitations Indeed, Plaintiff attempted to opt-out of Defendant's solicitations by responding "STOP" and "REPORT", but Defendant continued to text message Plaintiff intentionally disregarding Plaintiff's instructions in order to solicit the sale of its services to Plaintiff.

23.    Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive text messages from Defendant.

24.    Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not have a written policy, available upon demand, for maintaining a do-not-call list.

25.    Defendant failed to place Plaintiff on an internal do-not-call list after Plaintiff's explicit opt-out instructions.

26.    Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not provide training to its personnel engaged in telemarketing on the use and existence of a do-not-call list.

27.    Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not maintain an internal do-not-call list.

28.    Defendant did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative telephone solicitations it sent to Plaintiff as reflected by the fact that Plaintiff made an explicit opt-out request and that request was never processed; it was ignored by Defendant and its employees and Defendant continued to send text messages after the opt-out request.

29.    These facts strongly suggest that Defendant fails to ensure that requests by Plaintiff and the Class members to opt-out of future communications are honored within a reasonable time.

30.    Indeed, Plaintiff's and the class members' opt-out requests were not honored within a reasonable time from when the opt-out request was made.

31.    Defendant's prerecorded voicemail and text message solicitations were transmitted to Plaintiff's residential cellular telephone, and within the time frame relevant to this action.

32.    Defendant's prerecorded voicemail and text message solicitations constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., luxury real estate auction services.

33.    The information contained in the prerecorded voicemail and text message solicitations advertises Defendant's various discounts and promotions, which Defendant sends to promote its business.

34.    Upon information and belief, Defendant does not have a written policy for maintaining an internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(1).

35.    Upon information and belief, Defendant does not inform and train its personnel engaged in telemarketing in the existence and the use of any internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(2).

36.    Defendant sent the subject prerecorded voicemail and text message solicitations within this judicial district and, therefore, Defendant's violations of the TCPA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

37.    Defendant's prerecorded voicemail and text message solicitations were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

38.    At no point in time did Plaintiff provide Defendant with his express written consent to be contacted after opting out.

39.     Specifically, Plaintiff never completed any type of form that clearly and conspicuously authorized Defendant to contact Plaintiff's residential cellular telephone with marketing communications after opting out.

40.     Plaintiff has no existing business relationship with Defendant

41.     To the extent that Defendant ever had any consent to contact Plaintiff for marketing purposes, that consent was expressly revoked on at least June 12, 2024, when Plaintiff responded to Defendant with "STOP" and "REPORT".

42.     Plaintiff is the subscriber and sole user of the 1589 Number and is financially responsible for phone service to the 1589 Number.

43.     Plaintiff's 1589 Number is his residential number which he uses for personal purposes.

44.     Plaintiff registered his 1589 Number with the national do-not-call registry on July 22, 2006, and has been registered at all times relevant to this action.

45.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

46.     The prerecorded voicemail originated from at least telephone numbers (760)-419-2508, (425)-248-0017 and the text message solicitations

originated from telephone number (424)-449-2688, numbers which upon information and belief is owned and operated by Defendant or on behalf of Defendant.

47.    Upon information and belief, Defendant has access to outbound transmission reports for all prerecorded voicemail and text message solicitations sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members. Defendant also has access to communication logs showing Plaintiff's and the Class members' inbound opt-out requests.

48.    Defendant's unwanted prerecorded voicemail and text message solicitations caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life.

49.    Defendant's unwanted prerecorded voicemail and text message solicitations caused Plaintiff actual harm. Specifically, Plaintiff estimates that he has wasted fifteen to thirty seconds reviewing each of Defendant's unwanted messages. Each time, Plaintiff had to stop what he was doing to either retrieve his phone and/or look down at the phone to review the message.

50.    Next, Plaintiff wasted approximately fifteen minutes locating and retaining counsel for this case in order to stop Defendant's unwanted text

messages. In all, Defendant's violations of the TCPA caused Plaintiff to waste at least fifteen minutes of his time in addressing and attempting to stop Defendant's solicitations. Additionally, the deliberate nature of Defendant's violations, continuing to send messages after his express opt-out request, caused Plaintiff significant additional time loss and frustration over a period of more than five years.

## CLASS ALLEGATIONS

### PROPOSED CLASSES

51.    Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

52.    Plaintiff brings this case on behalf of the following "Classes" defined as follows:

> **Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a telephone solicitation by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of promoting Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.**

**National Internal Do Not Call Class: From four years before the filing of the Complaint, all persons in the United States who (1) were sent more than one telephone solicitation by or on behalf of Defendant within any 12-month period; (2) regarding Defendant's goods or services, to said person's cellular telephone number; and (3) while Defendant did not maintain the required procedures under 47 C.F.R. § 64.1200(d) for maintaining a list of persons who request not to receive such calls.**

**Voicemail Class: All persons in the United States who, within four years prior to the filing of this action through the date of class certification, were sent a prerecorded voice call on their cellular telephone regarding or related to Defendant's property, goods, and/or services.**

53.    Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in each Class but believes the Class members number in the several thousands, if not more.

54.    Also excluded from the Classes are persons who, after making a request to Defendant to not receive future communications, subsequently affirmatively opted-in to receive communications from Defendant.

NUMEROSITY

55.    Upon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers listed throughout the United States without their prior express written consent and/or after they

had requested to opt-out. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

56.    The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's text message records.

## COMMON QUESTIONS OF LAW AND FACT

57.    There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are:

[1] Whether Defendant initiated prerecorded voicemail and text message solicitations to Plaintiff and the Class members;

[2] Whether Defendant violated 47 C.F.R. § 64.1200(c)

[3] Whether Defendant violated 47 C.F.R. § 64.1200(d);

[4] Whether Defendant violated 47 U.S.C. § 227(b);

[5] Whether Defendant adhered to requests by class members to stop sending communications to their telephone numbers;

[6] Whether Defendant keeps records of communication recipients who revoked consent to receive communication;

[7] Whether Defendant has any written policies for maintaining an internal do not call list

[8] Whether Defendant's conduct was knowing and willful; and

[9] Whether Defendant is liable for damages, and the amount of such damages.

58.    The common questions in this case are capable of having common answers.    If Plaintiff's claim that Defendant routinely transmits telephone solicitations and telemarketing messages to consumers after they had requested to be opted out, while they were registered on the DNC Registry and at times prohibited by law, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

59.    Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

60.    Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

### SUPERIORITY

61.    A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally

impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

62.    The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

**COUNT I**
**<u>Violation of the TCPA, 47 U.S.C. § 227</u>**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

63.    Plaintiff repeats and realleges the paragraphs 1 through 62 of this Complaint and incorporates them by reference herein.

64.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number

on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

65.    47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

66.    47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

67.    Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

68.    Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

69.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone solicitation in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

70.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## COUNT II
## VIOLATION OF 47 U.S.C. § 227(c)(2)
**(Individually and on behalf of the National Internal Do Not Call Class)**

71.     Plaintiff re-alleges and incorporates paragraphs 1 through 62 as if fully set forth herein.

72.     The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private

action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

73.　　Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6).

74.     Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

47 C.F.R. § 64.1200(e).

75.     Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive telemarketing messages from Defendant.

76.     Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' requests.

77.     Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing messages made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

78.     Because Plaintiff and the Internal Do Not Call Class members received more than one prerecorded voicemail or text message solicitation in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

79.    As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

80.    As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

81.    Plaintiff and the Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

82.    Plaintiff and the National Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

## COUNT III
## <u>VIOLATIONS OF THE TCPA - PRERECORDED VOICEMAIL</u>
### (On Behalf of Plaintiff and the Voicemail Class)

83.    Plaintiff re-alleges and incorporates paragraphs 1-62 as if fully set forth herein.

84.    It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice

… to any telephone number assigned to a … cellular telephone service ….” 47 U.S.C. § 227(b)(1)(A)(iii).

85.    Defendant – or third parties directed by Defendant – transmitted calls using an artificial or prerecorded voice to the cellular telephone numbers of Plaintiff and members of the putative class.

86.    These calls were made without regard to whether Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

87.    Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an artificial or prerecorded voice to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

88.    Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that it was using an artificial or prerecorded voice. The violations were therefore willful or knowing.

89.    As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. Id.

90.     Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express consent to receive its prerecorded calls to their cellular telephones the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

**COUNT IV**
**<u>KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA</u>**
**(On Behalf of Plaintiff and the Classes)**

91.     Plaintiff re-alleges and incorporates paragraphs 1-62 as if fully set forth herein.

92.     At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

93.     Defendant knew that it did not have prior express consent to transmit prerecorded voicemail and text message solicitations and knew or should have known that its conduct was a violation of the TCPA.

94.     Defendant knew or should have known that Plaintiff's number was on the National Do Not Call Registry since July 22, 2006, and that sending text messages to such numbers violated federal regulations.

95.     Defendant knew or should have known that continuing to send telemarketing text messages after receiving Plaintiff's explicit demand to "STOP" and "REPORT" violated 47 C.F.R. § 64.1200(d) and related TCPA provisions requiring entities to maintain internal do-not-call procedures.

96.    Because Defendant knew or should have known that Plaintiff and Class Members had not given prior express consent to receive its prerecorded voicemail and text message solicitations and that their numbers were on the National Do Not Call Registry, and that Plaintiff's explicit opt-out demand was being ignored for over an extended period of more than five years, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Classes pursuant to § 227(c)(5) of the TCPA and 227(b)(3) of the TCPA.

97.    As a result of Defendant's violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5) and 47 U.S.C. § 227(b)(3).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a)    An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Classes Counsel;

b)    An award of statutory damages for Plaintiff and each member of the Classes;

c)    An order declaring that Defendant's actions, set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Classes;

e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Classes, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the communications or transmittal of the prerecorded voicemail and text message solicitations as alleged herein.

Dated: September 30, 2025

Respectfully Submitted,

**Shamis & Gentile, P.A.**
*/s/ Andrew Shamis*
Andrew J. Shamis, Esq.
Florida Bar #101754
ashamis@shamisgentile.com
Christopher E. Berman, Esq.
Florida Bar #1010654
cberman@shamisgentile.com
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

EDELSBERG LAW P.A.

*/s/ Scott Edelsberg*
Scott Edelsberg, Esq.
Florida Bar No. 0100537
20900 NE 30th Ave., Suite 417
Aventura, Florida 33180
Telephone: 305-975-3320
Email: scott@edelsberglaw.com

*Counsel for Plaintiff and the Classes.*